UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DIVERSIFIED RESOURCES INC. | ) | |
| | ) | Case No. 19-13627-EEB |
| | ) | |
| | ) | |
| BIYA OPERATORS INC. | ) | Case No. 19-13628-JGR |
| | ) | |
| | ) | |
| | ) | |
| NATURAL RESOURCE GROUP INC. | ) | Case No. 19-13629-MER |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | **Jointly Administered Under** |
| | ) | **Case No. 19- 13627-EEB** |
| | ) | |

## MOTION TO APPROVE INTERIM ADVANCE PAYMENTS FOR PROFESSIONALS

DIVERSIFIED RESOURCES INC., ("Diversified") BIYA OPERATORS INC., ("BIYA") and NATURAL RESOURCE GROUP, INC., ("Natural Resource") collectively referred to as (the "Debtors"), by and through their counsel, Buechler Law Office, L.L.C., respectfully move this Court for an order approving interim compensation procedures for professionals as authorized by 11 U.S.C. §330, 331, and L.B.R. 2016-2 and states as follows:

1. The Debtors simultaneously filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 30, 2019 (the "Petition Date") and are operating as a Debtors-in-Possession.

2. Simultaneously with the filings the Debtors jointly filed their Motion for Joint

-1-

Administration, which was granted by the Court on May 1, 2019.

3. BIYA owns certain oil and gas leases in the States of New Mexico and on the Ute Mountain Ute Indian Reservation and is the primary generator of production revenue for the Debtors, which averages about $65,000 to $90,000 per month, net of transportation costs. Diversified, in addition to its 98% ownership of BIYA, owns certain non-producing leases in the State of Colorado. Natural Resources owns certain non-producing shallow well leases near Broomfield, Colorado.

4. The Diversified provides administrative functions for all the Debtors. While BIYA, Natural Resources and Diversified are operated and maintained as separate corporations, the three Debtors enjoy common management, common operations, and separate but commonly maintained accounting systems, all maintained at a joint corporate headquarters.

5. In connection with the Debtor's Chapter 11 filing, the Debtors retained the law firm of Buechler Law Office, L.L.C., to represent it as bankruptcy counsel in this case. The Debtors will also retain an accounting firm to assist with its tax returns and accounting work.

6. In order to manage administration expenses and cash flow, the payments of post-petition professional fees on a monthly basis with the appropriate hold back, it is actually beneficial to the Debtors and their estate.

7. Based upon the Debtor's actual cash flows and projected cash flows, after payment of administrative and professional fees, U.S. Trustee fees, as well as estimated adequate protection payments, the Debtors will have positive cash flow commencing late June and through the Summer months. A come out of Professional fees are projected at $7,000 per month; however the Debtor may hold back interim payments if cash flow needs so require. Excess cash will be saved to cover negative cash flow which traditionally occurs in the colder months when it is

more difficult to ship oil product, done by pumper truck, from the Debtors' field.

8. The Debtors' projected cash flow will allow them to pay their professionals and other potential administrative priority claimants on a monthly or other specified interim basis, once again subject to the Debtors' right to withhold payment if necessary.

9. It is necessary for Buechler Law Office, L.L.C., and other administrative professionals to be paid on a monthly basis in order to pay their own ongoing operating expenses. The law firm presently holds a retainer of $16,639.95 from which its interim compensation will be paid.

10. Notice of this Motion is being provided to creditors and parties in interest.

11. The Debtors propose in accordance with L.B.R. 2016-2 the following payment procedure: Court approved professionals shall be paid either through any retainer supplied by the Debtor or by the Debtor on a monthly basis: (1) 100% of the out of pocket costs incurred as allowable under the guidelines established by the United States Trustee's Office; and (2) 80% of the fees incurred.

12. All fees and costs will be subject to interim and final approval by the Court upon filing interim and final fee applications.

13. The Debtor shall only pay administrative professionals in compliance with L.B.R. 2016-2 and when and only to the extent that (a) funds are available to pay all professionals and other known administrative priority claimants, and (b) the professionals have fully complied with the Order granting this Motion.

14. To the extent the Debtors do not have adequate funds to pay the interim compensation as may be billed, the Debtors retain the discretion not to pay that interim billing until adequate funds to pay exist.

15. It is in the best interests of the Debtors and the estates to have administrative

professionals paid under the Interim Advance Payment procedure described herein.

WHEREFORE, the Debtors respectfully requests that the Court enter an order, a proposed form of Order is filed herewith, approving the Interim Advance Payment procedure as set forth above, and for such further and additional relief as to the Court may deem appropriate.

Dated: June 5, 2019

                                          Respectfully submitted,
                                          BUECHLER LAW OFFICE, L.L.C.

                                          *Michael J. Guyerson*
                                          Michael J. Guyerson, #11279
                                          999 18th Street, Suite 1230-S
                                          Denver, Colorado 80202
                                          Tel:720-381-0045
                                          Fax: 720-381-0382
                                          Mike@kjblawoffice.com
                                          ATTORNEY FOR THE DEBTOR